UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARUQ ROSE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 1:23-cv-00582-CDB (PC)<br><br>ORDER VACATING ORDER TO PAY FILING FEE OR SUBMIT APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 6)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign district judge. |

　　　　Plaintiff Faruq Rose is a federal prisoner in this civil rights action filed under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). On March 2, 2023, Plaintiff commenced this action in the United States District Court for the Eastern District of North Carolina by filing a complaint alleging violations of Plaintiff's Fourth and Sixth Amendment rights. (Doc. 1.) On April 14, 2023, the case was transferred to the Eastern District of California. (Doc. 3.)

　　　　Because this Court lacks subject-matter jurisdiction, it is recommended that this case be dismissed without prejudice.

## I. PROCEDURAL HISTORY

### A. Underlying Criminal Case

On June 27, 2017, in the Eastern District of North Carolina, Plaintiff was charged in a two-count indictment for possession of cocaine with intent to distribute and conspiracy to possess cocaine with the intend to distribute. *United States v. Rose*, Case No. 7:17-cr-00069-D-1 (E.D.N.C. June 27, 2017) (Doc. 1). After a two-day trial, a jury convicted Plaintiff of both counts on February 26, 2019, and the district court sentenced Plaintiff to 420 months of confinement and a 5-year period of supervised release. (*Id.*, Docs. 85, 126.)

Plaintiff appealed the district court's final order, final judgment, and sentence to the United States Court of Appeals for the Fourth Circuit. (*Id.*, Doc. 130.) On July 9, 2021, the Fourth Circuit affirmed the conviction and sentence. (*Id.*, Docs. 140, 141.)[1] Plaintiff filed a petition for rehearing en banc, which was denied on July 6, 2021. (*Id.*, Doc. 143.) Plaintiff filed a petition for writ of certiorari before the United States Supreme Court, which was denied on April 18, 2022. (*Id.*, Docs. 145, 146.)

On March 2, 2023, Plaintiff filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (*Id.*, Doc. 149.) The motion was signed by Ramona Burgis, but she failed to "state [the] relationship to movant and explain why movant is not signing this motion," as indicated on the form. (*Id.* at 12.)

On April 11, 2023, the United States filed a motion to dismiss the petition under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, with a memorandum of law in support. (*Id.*, Docs. 153, 154.) The plaintiff's section 2255 motion and the defendant's motion to dismiss are currently pending before the District Court for the Eastern District of North Carolina.

### B. Civil Rights Complaint

Concurrently with the section 2255 motion, Plaintiff filed the instant complaint under 42 U.S.C. § 1983, alleging violations of his Fourth, Fifth, and Sixth Amendment rights under the

---

[1] The appeal is published at *United States v. Rose*, 3 F.4th 722 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 1676 (2022).

2

United States Constitution. (Doc. 1.) The complaint bore the same criminal case number, 7:17-CR-69-D, but was styled as *Faruq Rose v. United States*. (*Id.*) The Clerk of Court opened a new civil case and filed the complaint under Case No. 5:23-CT-03067-BO (E.D.N.C. Mar. 2, 2023). (Doc. 2.)

On April 14, 2023, construing the complaint as a filing under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the District Court for the Eastern District of North Carolina entered an order transferring the case to this district under 28 U.S.C. § 1406(a). (Doc. 3.) The court determined that Plaintiff's claims are related to a March 2021 drug trafficking conviction he received in the Eastern District of California, and Plaintiff is currently incarcerated at the United States Penitentiary, Atwater, located in this district. (*Id.*) For those reasons, the North Carolina District Court found that the Eastern District of California is a more appropriate venue under 28 U.S.C. § 1391(b). (*Id.*)

## II.    DISCUSSION

### A.    Plaintiff's Complaint

The complaint, now before this Court, is titled, "Complaint for Violations of Fourth, Fifth, and Sixth Amendment Rights Under 42 U.S.C. § 1983." (Doc. 1.) The pleading appears to be subtitled, or alternatively titled, "Plaintiff's Motion to Vacate, Set Aside, or Correct a Sentence: 'Under 42 U.S.C. § 1983.'" (*Id.*) These titles suggest that Plaintiff either seeks damages for constitutional violations under *Bivens* or relief under 28 U.S.C. § 2255.

On its face, however, the pleading appears to be an attempt to appeal a conviction and sentence, as indicated by the Plaintiff's statement of the case:

> Violation of Rights 4th and 6th Amendments of Faruq Rose v. United States is an appellate case in which the defendant, Faruq Rose, is appealing his conviction for drug trafficking. Faruq Rose was convicted in the United States District Court for the Eastern District of California in March 2021 and was sentenced to 35 years in prison and 5 years probation [sic]. Faruq Rose appeal [sic] argues that the trial court erred by admitting falsified statements and omitting unquestionable evidence, and that his sentence was disproportionately severe.

(*Id.* at 4.)

In this pleading, Plaintiff argues that Deputy Gordy conducted a warrantless search of

3

the first package of cocaine in violation of his Fourth Amendment rights. (*Id.*) Although Task Force Officer Cornell obtained a search warrant to open the second parcel of cocaine, the warrant did not include the first search. (*Id.*) Plaintiff also argues that the denial of access to legal counsel during critical stages violated his Sixth Amendment rights. (*Id.* at 8.) Additionally, Plaintiff argues that the system of mass incarceration results in racially disproportionally and disparate outcomes. (*Id.*) Although not necessary, Plaintiff provides case citations and summaries to several United States Supreme Court decisions on the Fourth Amendment. As relief, Plaintiff requests the Court "to grant our motion to suppress the evidence obtained through these violations of our client's constitutional rights. Doing so will uphold the integrity of the legal process and ensure that justice is served in this case." (*Id.*)

**B.     Court Records**

This Court has searched the Case Management/Electronic Case Files ("CM/ECF"), and Plaintiff has no record of a criminal case or conviction in the Eastern District of California. The instant transferred case is the only case in this district in which Plaintiff is a litigant. The Court also searched the records of the District Courts for the Central, Northern, and Southern Districts of California and the United States Court of Appeals for the Ninth Circuit. CM/ECF reflects no civil or criminal cases concerning Plaintiff in these jurisdictions, either.

CM/ECF records for the Eastern District of North Carolina do reflect that Plaintiff was convicted of drug crimes in *United States v. Rose*, Case No. 7:17-cr-00069-D-1 (E.D.N.C. Feb. 26, 2019), and was sentenced to 35 years and a 5-year period of supervised release. (*Id.*, Docs. 85, 126, 128.) The allegations of Fourth and Sixth Amendment violations by Gordy and Cornell in the instant complaint were previously raised in Plaintiff's motion to suppress and in the pending motion under 28 U.S.C. § 2255 in the criminal case. (*Id.*, Doc. 56.) The same allegations are addressed by the Fourth Circuit in its opinion affirming Plaintiff's conviction and sentence. *United States v. Rose*, 3 F.4th 722 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 1676 (2022).

Under these circumstances, the reference in the complaint to the Eastern District of California—instead of the Eastern District of North Carolina—appears to be a scrivener's error,

4

as this Court lacks any connection to Plaintiff's criminal case.

### C. Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction, with the power to hear cases only when authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject matter jurisdiction is required; it cannot be waived or overcome by agreement of the parties. *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)). The court presumes lack of subject matter jurisdiction until the plaintiff establishes that it exists. *Id.* A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the issue is raised by a party in a motion to dismiss under Rule 12(b)(1). *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action sua sponte." *Id.*

Even if Plaintiff's complaint were properly transferred to the Eastern District of California based on venue, the complaint fails to establish subject matter jurisdiction, either facially or factually. The complaint states that this is "an appellate case in which the defendant, Faruq Rose, is appealing his conviction for drug trafficking. . . . Faruq Rose appeal argues that the trial court erred by admitting falsified statement and omitting unquestionable evidence, and that his sentence was disproportionately severe." (Doc. 1 at 4.) Reiterating arguments made before the District Court for the Eastern District of North Carolina, Plaintiff requests the Court to suppress evidence obtained through unlawful searches. (Doc. 1 at 8.) Although Plaintiff requests no other relief, the Court infers from the "appeal" and request to suppress evidence that Plaintiff seeks a reversal of his conviction and/or resentencing.

By statute, "the courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Because the district court is a trial level court, it generally lacks appellate jurisdiction over other courts. *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011). "A federal district court has no authority to vacate the orders of other courts . . . ." *Raiser v. Gelmis*, No. CV 22-62-BLG-SPW-KLD, 2023 WL 121222, at *3 (D.

5

1 Mont. Jan. 6, 2023) (citations omitted).

2 Therefore, to the extent that Plaintiff seeks to pursue a second appeal of the Eastern District of North Carolina's ruling on the motion to suppress, evidentiary rulings at trial, his conviction, or the sentence, this Court lacks subject matter jurisdiction over any appeal of the North Carolina District Court's ruling.

With respect to Plaintiff's request to vacate, set aside, or correct the sentence, such a claim may not be raised under section 1983 or *Bivens*. Prisoners may bring claims under 42 U.S.C. § 1983 for deprivations of constitutional or other federal rights by persons "acting under color of state law." A *Bivens* action is the federal analog to suits brought against state officials under section 1983. *Hartman v. Moore*, 547 U.S. 250 (2006). To state a claim under *Bivens*, "a plaintiff must allege that a federal officer deprived him of his constitutional rights." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000)). *Bivens* actions are individual capacity suits and cannot enjoin official government action. *Solida v. McKelvey*, 820 F.3d 1090, 1093–94 (9th Cir. 2016). Although Plaintiff alleges that Deputy Gordy and Officer Cornell violated his Fourth Amendment rights, the suit is not brought against them or any other individual for damages caused by the constitutional deprivation.

A prisoner in federal custody may seek to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. However, such a motion must be made to the sentencing court. *Id.* § 2255(a). Because Plaintiff was convicted and sentenced in the District Court for the Eastern District of North Carolina, any motion to vacate, set aside, or correct the sentence must be filed in that court.

Indeed, in the underlying criminal case, *United States v. Rose*, Case No. 7:17-cr-00069-D-1 (E.D.N.C. Oct. 10, 2019) (Doc. 130), Plaintiff appropriately appealed to the Court of Appeal for the Fourth Circuit and sought Supreme Court review. *United States v. Rose*, 3 F.4th 722, 724 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 1676 (2022). Following his failure to have his conviction overturned, Plaintiff filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The motion is pending before the District Court for the Eastern District of North Carolina.

The instant complaint or appeal appears to be untimely and raises issues previously determined by the North Carolina court. Despite the reference to the Eastern District of California, the complaint is both facially and factually insufficient to establish subject matter jurisdiction. Therefore, this Court lacks jurisdiction to entertain this case.

### D.     Prepayment of Fees

A plaintiff is required to pay the filing fee before initiating an action in the district court. *See* 28 U.S.C. § 1914(a); L.R. 121(c). The Court may authorize a prisoner to proceed *in forma pauperis* upon application and a showing of indigency. 28 U.S.C. § 1915(a)–(b). Because Plaintiff has not paid the filing fee, on April 17, 2023, the Court entered an order requiring Plaintiff to pay the filing fee or submit an application to proceed *in forma pauperis*. (Doc. 6.)

However, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As discussed herein, Court finds that it lacks subject-matter jurisdiction over this case from North Carolina. To preserve Plaintiff's resources if this case is dismissed by the District Judge, the order requiring Plaintiff to pay the filing fee or submit an *in forma pauperis* application is vacated. (Doc. 6.) If this case is allowed to proceed, the Plaintiff must pay the filing fee or submit an *in forma pauperis* application.

### E.     Signature

The complaint is signed by Ramona Burgis, a resident of Pennsylvania, as the "Pro se litigant for Faruq Rose." (*Id.* at 8.)[2] Every pleading, motion, or paper filed with the court must be signed by at least one attorney of record if represented or personally signed by the plaintiff if unrepresented. Fed. R. Civ. P. 11(a); L.R. 131(b). The responsibilities placed on counsel and unrepresented parties may not be delegated to any other individual. L.R.183(a).

Ms. Burgis does not appear to be a licensed attorney, and she does not indicate the nature of her relationship with Plaintiff or why she is signing pleadings in North Carolina on Plaintiff's behalf. Because she is not listed as attorney of record for Plaintiff in this case, Ms.

---

[2] The section 2255 motion in the underlying criminal case is also signed by Ramona Burgis but does not state her relationship to Rose or explain why Rose, the movant, did not sign the motion as required by the form. *Rose*, No. 7:17-cr-00069-D (E.D.N.C. Mar. 2, 2023) (Doc. 149 at 12).

7

Burgis lacks the capacity to sign pleadings on Plaintiff's behalf. The complaint is essentially unsigned and should be stricken for this reason. However, in the interest of expeditious disposition of this matter, the Court will accept this pleading for filing (and dismissal), rather than ordering Plaintiff to re-file a signed version of the complaint, which may not proceed for lack of subject-matter jurisdiction.

If Plaintiff files objections to these Findings and Recommendations or any other pleading in this case, Plaintiff must personally sign the pleading himself so long as he proceeds *pro se*.

### III.  CONCLUSION

Accordingly, it is hereby ORDERED:

1. The order to pay filing fee or submit application to proceed *in forma pauperis* (Doc. 6) is VACATED;
2. The Clerk is directed to assign a district judge to this case; and
3. Should Plaintiff choose to file objections to these findings and recommendations, the pleading must be personally signed by Plaintiff if he is acting *pro se* or by his attorney, if Plaintiff obtains representation.

It is also RECOMMENDED that the Court:

1. Dismiss this case without prejudice for lack of subject matter jurisdiction; and
2. Direct the Clerk of Court to terminate any motions and deadlines and to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be titled, "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*,

///

///

8

772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 20, 2023**                    _____

UNITED STATES MAGISTRATE JUDGE